### LEWIS v. E. H. PERRY & CO., Inc.
### No. 7641.

Court of Civil Appeals of Texas. Austin.
Oct. 21, 1931.

Conger & Conger, of San Antonio, for appellant.

Hart, Patterson & Hart and Woodward & Gay, all of Austin, for appellee.

BLAIR, J.

Appellant sued appellee, E. H. Perry & Co., Inc., for a balance of $1,875.99 on the purchase price of 50 bales of cotton, alleging that appellee purchased the cotton upon oral contract of its agent, Sidney Smith. Appellee denied Smith's agency, and alleged that it had no transaction whatever with appellant, but purchased the cotton from Smith and paid him the entire purchase price.

The principal issue on the trial to the court without a jury was whether Sidney Smith acted as agent for appellee in the purchase of the cotton, and judgment was for appellee. Appellant made no request for findings of fact and conclusions of law, and, since the pleadings and evidence adduced would support the finding and conclusion that Sidney Smith did not act as agent for appellee in the transaction, the judgment rendered must be affirmed.

Briefly, the evidence showed that appellee was a cotton merchant or exporter at Austin, engaged in buying and selling cotton. Sidney Smith was an f. o. b. man; that is, an independent cotton buyer at Fredericks-burg, engaged in buying cotton from the public and selling to cotton merchants who would pay the best price, and these facts were well known to appellant. On December 18, 1926, appellant, a resident of Fredericksburg, and engaged in buying and selling cotton, sold Sidney Smith 50 bales of cotton marked "P I B." On the same day Smith sold these 50 bales of cotton to appellee on call at 135 off May New York, basis middling, which without going into details was a completed cotton contract, the price to be fixed by the New York market as of date of call. Smith was paid on the date of the sale the larger part of the purchase price, and the balance was to be paid on date of call. On December 31, 1926, Smith requested appellee to fix the price, which was done, and the total price for the 50 bales on that date was $2,808.93, against which Smith had drawn or been paid $2,646.71, and appellee paid Smith the balance of $162.22, and closed the transaction on its books. Appellee had no transaction whatever with appellant, but dealt entirely with Smith as an f. o. b. man, and none of the checks or drafts issued by appellee to Smith in payment of the 50 bales of cotton marked "P I B" were shown to have gone to appellant. All of appellee's witnesses testified that Smith was never the agent of appellee, but was an independent cotton buyer with whom appellee dealt as it did with other f. o. b. men; and appellee's books showed numerous transactions where it had always dealt with Smith as it dealt with any other f. o. b. man. This evidence would sustain a finding and conclusion that Smith did not act as the agent of appellee in the transaction.

The contention of appellant that appellee acquired the possession of the cotton as a cotton factor or commission merchant, and not the title, and must account to its principal for the proceeds of the sale, is without merit. Appellant admitted that he sold Smith the cotton on terms of call for May, 1927, with option to transfer to call for October, 1927, and that Smith paid with his personal check all the purchase price except about $10 per bale. Appellant shipped the cotton to appellee under this contract with Smith, and in April, 1927, he notified Smith to notify appellee that he wished to transfer to call for October, 1927; and that on August 2, 1927, he called the cotton, and by this suit demanded the balance of the purchase price as fixed of that date under the terms of the contract. Thus appellant has placed his own interpretation upon the contract as being one for the sale of the cotton; and, while the price finally to be paid for the cotton was to be determined in the future, still the basis for determining the price was agreed upon at the time the sale was made, and the title to the cotton passed to Smith and through him

to appellee. The record also discloses that the case was not tried on the theory that appellee had notice of appellant's claim of any interest in the cotton; nor do the pleadings and evidence adduced support any such theory of recovery. But in any event appellant's right to recover depended upon his establishing that Smith acted as agent for appellee in the transaction, which, as above pointed out, he failed to do.

■ The assignments of error complaining of the admission of certain testimony are not sustained. We think the testimony was admissible; but, whether admissible or not, the assignments disclose no error, because there was no finding of fact by the trial court; and in the absence of which it will be presumed that the trial court did not consider any illegal or improperly admitted evidence, if the record furnishes other evidence legally sufficient to support the judgment upon any theory of right pleaded. This the record does as above pointed out.

The judgment will be affirmed.

Affirmed.